IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOINT LABOR MANAGEMENT RETAIL TRUST<br>and OREGON EMPLOYEES PENSION TRUST<br>(hereafter referred to as<br>"Trust Funds"),<br><br>        Plaintiffs,<br><br>  vs.<br><br>DALLAS INVESTMENTS, INC.,<br>d/b/a DALLAS SELECT MARKET<br>(hereafter referred to as the<br>"Employer"),<br><br>        Defendant. | Civil No. 05-1582-AA<br>OPINION AND ORDER |

Michael H. Korpi
Smith McKenzie Rothwell & Barlow, P.S.
500 Union Street, Suite 700
Seattle, Washington 98101
    Attorney for plaintiffs

Dallas Investments, Inc.
P.O. Box 164
Dallas, Oregon 97338
    Defendant Appearing Pro Se

AIKEN, Judge:

Page 1 - OPINION AND ORDER

BACKGROUND

Plaintiffs filed this action to collect delinquent unpaid employee benefit contributions, liquidated damages, interest, audit fees, costs, and attorney fees. Plaintiff Trusts are tax-qualified, jointly administered union-management employee benefit trust funds, organized and operated under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 et seq., and created under § 302(c) of the Labor Management Relations Act, 29 U.S.C. § 186(c).

Participating employers, such as defendant Dallas Investments, Inc. d/b/a Dallas Select Market (defendant), are required by the applicable collective bargaining agreement to make monthly employee benefit contributions to the Trusts, which then provide health, welfare, dental and pension benefits to eligible employees and their dependents. The Labor-Management Agreement between defendant and the United Food & Commercial Workers Local 555 requires that a fixed dollar amount based on the hours worked by employees under the agreement be reported and paid to plaintiffs. Defendant's contributions are due by the 20th day of the month following the month in which the hours are worked. See Korpi Declaration and attached Trust Agreements; McDonald Declaration and attached Labor-Management Agreement.

Plaintiffs' claim arises from defendant's failure to make timely contributions to plaintiffs for the audit period of August

1998 through November 2003. The Trust Agreements provide for the assessment of liquidated damages, interest, costs, and attorney fees resulting from the delinquent payments. <u>Id.</u> Defendant owes $46,092.54 in contributions, $12,090.44 in liquidated damages, $26,383.73 in interest, and $10,128.14 in audit fees for the audit periods of July 1998 through November 2006. <u>See</u> Layne Declaration. Plaintiffs have incurred attorney fees in the amount of $6,127.80, and costs in the amount of $490. <u>See</u> Korpi Declaration.

                          STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. <u>T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc.</u>, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>,

477 U.S. 317, 323 (1986).  If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial.  Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  T.W. Electrical, 809 F.2d at 630.

### DISCUSSION

Plaintiffs filed the motion at bar on April 25, 2007. Due to defendant's pro se status, on May 22, 2007, pursuant to Ninth Circuit law, this court sent out an Order advising defendant of the federal summary judgment standards.  The court also requested that defendant file any response to the pending summary judgment motion by June 22, 2007.  Nearly two months have now passed and plaintiffs' motion remains unopposed.

I find no disputed issues of fact.  Moreover, the law is undisputed in an action for unpaid benefit contributions to an employee benefit plan, that federal labor statutes mandate an award of liquidated damages, interest, attorney fees and costs. See 29 U.S.C. § 1132(g)(2), 29 U.S.C. §§ 185, 186(c).  Finally, courts have ruled that an award of liquidated damages, interest,

attorney fees and costs under the statute is mandatory. See Operating Engineers Pension Trust v. A-C Company, 859 F.2d 1336, 1342 (9th Cir. 1988)(award of liquidated damages mandatory); Laborers Clean-Up Contract Admin. Trust Fund v. Uriarte Clean-Up Service, Inc., 736 F.2d 516 (9th Cir. 1984)(award of interest mandatory); Kemmis v. McGoldrick, 706 F.2d 993 (9th Cir. 1983)(trustees as prevailing parties entitled to mandatory award of attorney's fees under 29 U.S.C. § 1132(g)(2)).

Plaintiffs are entitled to these amounts as a matter of law. Therefore, plaintiffs' summary judgment motion is granted as follows:

The court finds plaintiffs entitled to the following amounts: $46,092.54 in contributions, $12,090.44 in liquidated damages, $26,383.73 in interest, and $10,128.14 in audit fees. These amounts are due and owing for the audit period of July 1998 through November 2006. The court further finds that $490 in costs has been incurred by plaintiffs and is recoverable under the agreement. Finally, the court holds that plaintiffs are entitled to recover their reasonable attorney fees in the amount of $6,127.80 (consisting of 39.83 hours of attorney time on this matter from October 6, 2005 through April 24, 2007). Plaintiffs' total recovery from defendant is: $101,312.65.

## CONCLUSION

Plaintiffs' motion for summary judgment (doc. 24) is

Page 5 - OPINION AND ORDER

granted.  Plaintiffs are awarded a total of $101,312.65 from defendant.  This case is dismissed and all pending motions are denied as moot.

IT IS SO ORDERED.

        Dated this __10__ day of August 2007.


                                  __/s/ Ann Aiken__
                                  Ann Aiken
                       United States District Judge